ORIGINAL

JAN 29 1992

O'CLOCK
GEORGE A. RAY, CLERK
SYRACUSE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

SEALED

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

v.

JAIME A. DAVIDSON, a/k/a "Stringer",
a/k/a "Andrew Brown", a/k/a "Jamie
Davidson"; LENWORTH PARKE, a/k/a
"Lenwood Parker", a/k/a "Glen",
a/k/a "Paul Scott"; ROBERT LAWRENCE,
a/k/a "Robert Julien", a/k/a
"Bam-Bam"; JUAN A. MORALES, a/k/a
"Pedro", a/k/a "Antonio";
GARY ANTHONY STEWART, a/k/a "Poppy";
and DEAN THOMAS, a/k/a "Dino",

Defendants.

Criminal Action No.
92-CR-35

INDICTMENT

VIO: 18 U.S.C. § 924(c)
     [1 Count]
     18 U.S.C. § 1111,
     1114, & 2
     [1 Count]
     21 U.S.C. § 841
     [4 Counts]
     21 U.S.C. § 846
     [1 Count]
     21 U.S.C. § 848
     [1 Count]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE GRAND JURY CHARGES:**

**COUNT I**

From about the spring of 1988, the exact date being unknown to the grand jury, up to and including on or about October 30, 1990, in the Northern District of New York and elsewhere, the defendants,

> JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown"; a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; GARY ANTHONY STEWART, a/k/a "Poppy"; and DEAN THOMAS, a/k/a "Dino",

did knowingly and intentionally combine, conspire, confederate and agree, together with each other and with other persons both known and unknown to the grand jury, to commit the following offense against the United States: knowing and intentional distribution of and possession with intent to distribute cocaine,

a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND METHODS

1. It was part of the conspiracy that defendant JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson", organized, led, ran, directed, supervised, and managed a group of persons who distributed cocaine which included LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; GARY ANTHONY STEWART, a/k/a "Poppy"; and DEAN THOMAS, a/k/a "Dino", and others known and unknown to the grand jury.

2. It was further part of the conspiracy that defendants JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson", and LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott", brought, and caused others to bring, cocaine from the New York City area for redistribution in the Syracuse, New York area.

3. It was further part of the conspiracy that defendant LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott", collected money from cocaine distributions.

4. It was further part of the conspiracy that JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio", DEAN THOMAS, a/k/a "Dino", and others known and unknown to the grand jury used an apartment at 735 West Onondaga Street, Syracuse, New York, from

which to sell cocaine.

5. It was further part of the conspiracy that defendants JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; GARY ANTHONY STEWART, a/k/a "Poppy"; and DEAN THOMAS, a/k/a "Dino", and others known and unknown to the grand jury possessed with intent to distribute and distributed cocaine.

6. It was further part of the conspiracy that defendants JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; and GARY ANTHONY STEWART, a/k/a "Poppy", acting together and aiding and abetting each other, would and did agree to sell cocaine to others, but also planned and agreed to rob, or "rip" or "jook", the prospective purchaser of his money.

7. It was further part of the conspiracy that defendants JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; and GARY ANTHONY STEWART, a/k/a "Poppy", acting together and aiding and abetting each other, would and did agree to sell cocaine to undercover Task Force Agent Wallie Howard,

Jr., but also planned and agreed to rob, or "rip" or "jook", Task Force Agent Howard of the purchase money, and thereafter attempted to rob, or "rip", or "jook" Task Force Agent Howard of the purchase money.

8. It was further part of the conspiracy that defendant ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam" possessed, used, and carried firearms, including a .22 caliber handgun and a .357 caliber revolver.

9. It was further part of the conspiracy that defendant LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott", obtained, possessed, used, and carried a .357 caliber revolver.

10. It was further part of the conspiracy that defendant GARY ANTHONY STEWART, a/k/a "Poppy", possessed, used, and carried a .22 caliber handgun.

11. During the commission of and in the furtherance of the conspiracy, on or about October 30, 1990, defendants JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; and GARY ANTHONY STEWART, a/k/a "Poppy", acting together and aiding and abetting each other, did kill Wallie Howard, Jr., an Agent of the Central New York Drug Enforcement Task Force.

All in violation of Title 21, United States Code, Section 846.

4

## COUNT II

On or about October 6, 1988, in the Northern District of New York, defendant

>JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson",

acting together with and aiding and abetting others known to the grand jury, knowingly and intentionally distributed and possessed with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT III

On or about October 12, 1988, in the Northern District of New York, defendant

>JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson",

acting together with and aiding and abetting others known to the grand jury, knowingly and intentionally distributed and possessed with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT IV

On or about October 18, 1990, in the Northern District of New York, defendants

>JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; and JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio",

acting together and aiding and abetting each other, knowingly and intentionally distributed and possessed with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT V

On or about October 23, 1990, in the Northern District of New York, defendants

>JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; and JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio",

acting together and aiding and abetting each other, knowingly and intentionally distributed and possessed with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT VI

On or about October 30, 1990, in the Northern District of New York, defendants

>JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; and GARY ANTHONY STEWART, a/k/a "Poppy",

6

acting together and aiding and abetting each other, did kill Wallie Howard, Jr., an Agent of the Central New York Drug Enforcement Task Force, Drug Enforcement Administration, in the perpetration of and attempt to perpetrate a robbery, while the said Wallie Howard, Jr. was engaged in his official duties, in violation of Title 18, United States Code, Sections 1111, 1114 and 2.

### COUNT VII

The Grand Jury realleges Counts I, II, III, IV and V of this Indictment as though fully set forth here.

On or about October 30, 1990, in the Northern District of New York, defendants

> JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; and GARY ANTHONY STEWART, a/k/a "Poppy",

during the commission of and in furtherance of a conspiracy to distribute cocaine, intentionally killed, and counseled, commanded, induced, procured and caused the intentional killing of Wallie Howard, Jr., a federal and local law enforcement officer engaged in the performance of official duties, and such killing resulted, in violation of Title 21, United States Code, Section 848(e)(1)(B), and Title 18, United States Code, Section 2.

## COUNT VIII

On or about October 30, 1990, in the Northern District of New York, defendants

> JAIME A. DAVIDSON, a/k/a "Stringer", a/k/a "Andrew Brown", a/k/a "Jamie Davidson"; LENWORTH PARKE, a/k/a "Lenwood Parker", a/k/a "Glen", a/k/a "Paul Scott"; ROBERT LAWRENCE, a/k/a "Robert Julien", a/k/a "Bam-Bam"; JUAN A. MORALES, a/k/a "Pedro", a/k/a "Antonio"; and GARY ANTHONY STEWART, a/k/a "Poppy",

did knowingly use and carry, and aid, abet, counsel, command, induce, procure, and willfully cause the use and carrying of, a firearm during and in relation to a drug trafficking crime for which the said defendants may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Sections 924(c)(1) and (2).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

FREDERICK J. SCULLIN, JR.
United States Attorney

By: _____
Grant C. Jaquith
Assistant U.S. Attorney

By: _____
John G. Duncan
Assistant U.S. Attorney