UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

Jaime A. Davidson, )
        Petitioner, )
                     )       CRIMINAL NO. 92-CR-35(DNH)
    -Vs-             )       CIVIL NO. 5:00-CV-869(DNH)
                     )
UNITED STATES OF AMERICA, )
        Respondent. /

**PETITIONER'S APPLICATION REQUESTING LEAVE OF THE COURT TO HOLD AN EX-PARTE, "IN - CAMERA HEARING" IN THE JUDGE'S CHAMBER, DUE TO AN EXTREMELY SENSITIVE AND DELICATE MATTER OF GRAVE CONFIDENTIALITY, AND MR. DAVIDSON'S REQUEST FOR APPOINTMENT OF COUNSEL**

COMES NOW, Petitioner, Jaime A. Davidson, pro-se, hereby humbly requesting LEAVE OF THE COURT to hold an "EX-PARTE, IN-CAMERA HEARING" and request for "APPOINTMENT OF COUNSEL," to cure a grave case of MANIFEST INJUSTICE surrounding the manipulated false Grand Jury and Trial Testimony of a "JUVENILE" that was "ABUSED AND RAPED" (and later bore a child), by Petitioner's co-defendant, Mr. Lenworth "Glen" Parke. Mr. Davidson submits the instant application, in light of the FBOP TruFone-Telephone conversation recording's confession by then, juvenile Government witness, Ms. Felecia "Fi-Fi" Stewart, asserting the following:

> "3. That during affiant's conversation with Ms. Felecia Stewart, affiant asked her why she had lied and stated that Mr. Davidson was her son's father? Ms. Stewart (not akin to co-defendant, Gary A. Stewart), said that affiant's co-defendant, Mr. Lenworth Parke (aka "Glen"), had told her to say that her son belonged to Mr. Davidson, and that's why she said it was affiant's son;"

> "4. That affiant asked Ms. Felecia Stewart where did she get that statement from, lying that 'Affiant Wasn't Scared of Getting Caught Because he (Mr. Davidson), Was Selling Drugs Since He Was 14 Years Old, And He Had The Game?' Ms. Stewart quickly responded, 'I didn't say that; the police wrote all of that in the statement;'"

> "5. That Ms. Stewart blew affiant's whole mind by bringing to the forefront who actually is her son's father. Ms. Stewart clearly stated that Mr. Davidson's co-defendant, Mr. Lenworth Parke (aka 'Glen'), had 'RAPED HER!;'"

> "8. That Ms. Stewart stated that Mr. Parke closed the door behind her immediately and began to force himself on top of her. Ms. Stewart said that she was scared; she began to fight Mr. Parke off of her; she cried out to Mr. Parke to please stop and get off of her and he over-powered her, and raped her;"

> "11. That upon the begining of our (Fi-Fi & I), conversation, affiant started to ask her some detailed questions, but Ms. Stewart felt very reluctant to answer them at first, then stated that she didn't want to 'RE-LIVE' those old memories because they were really painful. Ms. Stewart even stressed that she was a minor back then (meaning around 1989 thru 1991): 1. When she (Ms. Stewart) was 'RAPED;' 2. When she had her son; 3. When she was viciously interrogated by the Syracuse Police Officers and deceived and forced to sign a statement written by the cops that she did not read and/or dictate to them; and 4. When she was forced to testify under a subpoena at the Federal Trial; and at the Federal Grand Jury she was compelled to testify in regards to events that she had no knowledge about, that the cops wrote and scripted out for Ms. Stewart, and pressured and threatened to lock her up if she didn't testify as to what was written in her statement to the Grand Jury;"

"12. That Ms. Stewart suddenly stopped in the middle of our conversation and stated something like, 'wait a minute, but for real, I only seen you two (2) or three (3) times when you stopped over to see your friends; I didn't really know you back then;'"

"16. That Ms. Stewart says that once she got older and more mature, she finally got the courage to tell her mother that Mr. Parke had forced himself onto her and raped her, and that her son belonged to Mr. Lenworth 'Glen' Parke and not affiant;"

See, Affidavit of Jaime A. Davidson (in its full and complete form; withheld due to Document Rejection Order).

In the case in question, Petitioner with extreme urgency and confidentiality/discretion, is respectfully requesting this Honorable Court to humbly review telephone conversation tape recording and transcripts that Mr. Davidson has requested to the FBOP, Northeast Regional Office (Processing Office-NER), at the "FOIA/PA REQUEST NUMBER: 2018-01833." Your Honor, this request has been pending since around December of 2017 to date, and the transcription have yet to be processed and submitted to Mr. Davidson. I have submitted numerous requests.

Moreover, your Honor, along with the testimony of Ms. Felecia Stewart being requested Ex-Parte and In-Camera due to its severity, which will need to be held with an expert on rape victims from juveniles and an attorney representing Petitioner i.e., based on the fact that Mr. Davidson has numerous affidavits and documents to support the fact that Mr. Lenworth Parke utilized Mr. Robert Lawrence to attempt to exonerate him and clearly fabricate a case against my person. I'm in possession of Mr. Lawrence's wife (and then girlfriend), Mrs. Gwendolyn Morrow exonerating me from said meeting on 10/30/1990 at her home; an affidavit from Mrs. Junelle Starling further exonerating me from this case; Jurors comments stating that they noticed Lawrence was trying to protect Parke and clearly hurt me; Deputy Chief of Police Frank Sardino further exonerating me, but it never got to court; the 2nd Circuit changing Lawrence's trial testimony asserting that Parke was the one that gave Lawrence the murder weapon; and after Lawrence's resentencing hearing, he did an interview confirming now that he had hatched the plot to rob Luther Gregory a few weeks prior to 10/30/90; and Mr. Gregory at trial proved that he did not know me and did not identify me either. Your Honor, I'm limited with space, but I'm humbly praying that this Honorable Court GRANT my present Ex-Parte, In-Camera Hearing Subpoenaying Ms. Stewart with the appointment of an attorney to represent me from Manhattan and "NOT" Syracuse, N.Y. due to conflicts of interests, and/or GRANT Petitioner whatever other relief it deems just and/or proper under the law.

Date: MARCH 12, 2019

Respectfully submitted,

Jaime A. Davidson #37593-053
FCI-Williamsburg/P.O. Box-340
Salters, S.C. 29590

CC: SENSITIVE [Withheld From Serving U.S. Attorney Off. Under Rules of "EX-PARTE FILINGS"]

-2-